FILED
DEC 04 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD N. TOTARO, | * | CIV 13-4097-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ORDER DENYING |
| | * | PETITION FOR HABEAS |
| UNITED STATES OF AMERICA, | * | CORPUS AND JUDGMENT |
| | * | OF DISMISSAL |
| Defendant. | * | |

Plaintiff Ronald N. Totaro ("Totaro") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Totaro was convicted after a jury trial conducted by the Honorable Richard Battey of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering in 2001 in the United States District Court for the District of South Dakota. United States v. Totaro, No. 99-40137-RHB, 2010 WL 883773, at *1 (D.S.D. March 10, 2010).[1] Totaro has filed thirteen motions attacking his sentence, including at least four that either originated under 28 U.S.C. § 2255 or that were construed by the district court as successive habeas petitions. See United States v. Totaro, No. 99-40137-01-RAL, 2013 WL 3766527, at *1, 3 (D.S.D. July 16, 2013) (noting that Totaro had filed twelve motions attacking his sentence and at least three motions filed or construed as § 2255 motions before then classifying the current motion as one filed under § 2255 and dismissing it as successive). All of his motions have been denied. Doc. 1 at 6. Now, Totaro has filed yet another motion for habeas corpus pursuant to § 2255.

---

[1] This Court's previous Opinion and Order dated October 2, 2012, in Totaro v. The Hon. Richard H. Battey, No. 12-4143-RAL, Doc. 8, more fully set forth facts relevant to Totaro's convictions and filings.

Under 28 U.S.C. § 2255(h), a successive petition must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Before this Court is Totaro's fifth motion for habeas corpus under 28 U.S.C. § 2255. This motion contains many of the same claims, and even some of the same filings with case numbers from previously dismissed cases, as his previous four habeas motions. Compare Totaro v. The Hon. Richard H. Battey, No. 12-4143, Doc. 1 at 2, with Totaro v. United States, No. 13-4097, Doc. 1 at 1-2. Totaro has failed to meet the certification requirement to be able to file this successive motion. Thus, Totaro's motion must be dismissed. For good cause, it is hereby

ORDERED, ADJUDGED, and DECREED that the Motion to Vacate, Doc. 1, is denied and that Judgment of Dismissal hereby enters under Rules 54 and 58 of the Federal Rules of Civil Procedure.

Dated December 4th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE